UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

COURTNEY LEE HARRIS, No. 29137-044,

    Petitioner,

  v.

D. SPROUL, Warden,

    Respondent.

Case No. 22-cv-2436-JPG

**MEMORANDUM AND**
**ORDER FOR SERVICE**

This matter comes before the Court on petitioner Courtney Lee Harris's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the United States Penitentiary at Marion, Illinois, where respondent Daniel Sproul is the warden. The petitioner is challenging his sentence on the grounds that, in light of *Borden v. United States*, 141 S. Ct. 1817 (2021), he was wrongfully sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

The Court is unable to determine from the petition and its exhibits that Harris is not entitled to relief under § 2241. Accordingly, the Court **ORDERS** the respondent to answer or

otherwise plead on or before December 21, 2022.  This preliminary order to respond does not preclude the respondent from raising any objection or defense the respondent may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.  Harris shall have 14 days to reply to the respondent's response.

To the extent the respondent believes the outcome of *Jones v. Hendrix*, No. 21-857, currently before the United States Supreme Court, may be dispositive of Harris's motion, the Court would entertain a motion for extension of time to respond to allow for that decision.

The petitioner is **ADVISED** of his continuing obligation to keep the Clerk and opposing parties informed of any change in the petitioner's whereabouts during the pendency of this action.  This notification must be in writing no later than 7 days after a transfer or other change in address.  Failure to provide notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED:  November 18, 2022**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**