UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

COURTNEY LEE HARRIS, No. 29137-044,

    Petitioner,

v.

D. SPROUL, Warden,

    Respondent.

Case No. 22-cv-2436-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on respondent Daniel Sproul's motion to dismiss petitioner Courtney Lee Harris's petition for a writ of habeas corpus under 28 U.S.C. § 2241 in light of *Jones v. Hendrix*, 599 U.S. 465 (2023) (Doc. 12). Harris has responded (Doc. 15).

The petitioner is incarcerated at the United States Penitentiary at Marion, Illinois ("USP-Marion"), where respondent Sproul is the warden. The petitioner is challenging his federal conviction and sentence on the grounds that, in light of *Borden v. United States*, 593 U.S. —, 141 S. Ct. 1817 (2021), he was wrongfully sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).

**I.    Background**

In March 2015, Harris was charged in the United States District Court for the Eastern District of Missouri with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Counts 1 & 5), possession with intent to distribute crack cocaine (Counts 2 & 6) and heroin (Count 3) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Counts 4 & 7). *See United States v. Harris*, No. 4:15-cr-134-JAR (E.D. Mo.). He pled guilty to Counts 1, 2, 5, and 6.

The court sentenced Harris to serve 200 months in prison on each count, all to run concurrently. In selecting this sentence, the court concluded that Harris was an armed career criminal under the ACCA based on prior Missouri felony convictions for (1) unlawful use of a weapon by carrying a concealed weapon in violation of Mo. Rev. Stat. § 571.030.1(1) (1995) and (2) unlawful use of a weapon by exhibiting in violation of Mo. Rev. Stat. § 571.030.1(4) (1995). The ACCA enhancement meant that he was subject to a 15-year minimum sentence. Harris did not appeal this sentence.

On June 23, 2016, nearly six months later, the United States Supreme Court decided *Mathis v. United States*, 579 U.S. 500 (2016), which clarified when and how the categorical approach should be applied to determine whether a prior conviction qualifies to support enhanced sentencing under the ACCA.

In September 2018, Harris filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See Harris v. United States*, No. 4:18-cr-1546-JAR (E.D. Mo.). There he challenged whether his prior conviction for unlawful use of a weapon by exhibiting qualified as a violent felony capable of supporting armed career criminal status and whether his counsel was ineffective for failing to make such a challenge. The Court dismissed the motion as barred by the one-year limitation period in § 2255(f).

Since then, Harris twice sought leave to file a second or successive § 2255 motion from the Court of Appeals for the Eighth Circuit but was denied. *See Harris v. United States*, No. 18-3730 (8th Cir.); *Harris v. United States*, No. 19-1147 (8th Cir.).

On June 10, 2021, between his two requests for leave to file a second § 2255 motion, the Supreme Court decided *Borden*, the case on which Harris now relies. *Borden* held that a prior conviction requiring only the *mens rea* of recklessness cannot support enhanced sentencing

under the ACCA. *Borden*, 141 S. Ct. at 1825. Harris filed a second § 2255 motion without permission raising the *Borden* argument, which the court dismissed as an unauthorized second § 2255 motion. *See Harris v. United States*, No. 4:22-cv-629-JAR (E.D. Mo.).

## II.     § 2241 Petition

In his current § 2241 petition, the petitioner again challenges his sentence based on *Borden v. United States*, 593 U.S. —, 141 S. Ct. 1817 (2021). He contends that the Court should overturn his sentence because he should not have been sentenced under the ACCA and should be resentenced without the armed career criminal enhanced sentencing range. The respondent asks the Court to dismiss Harris's § 2241 petition in light of *Jones v. Hendrix*, 599 U.S. 465 (2023).

*Jones* makes it clear that the Court cannot hear this case. Generally, an inmate wishing to challenge his sentence must file a § 2255 motion in the district of his conviction. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). He is generally limited to one § 2255 motion and may file a second or successive petition only if the Court of Appeals authorizes it because the inmate relies on "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2). However, there is an exception to this rule under the "savings clause" of § 2255(e), which allows an inmate to attack his sentence in a § 2241 petition in the district of his incarceration if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." The petitioner attempts to take advantage of § 2255's "savings clause," but that route to relief is not available to him after *Jones*.

The Court of Appeals for the Seventh Circuit used to take the position that § 2255 was "inadequate or ineffective to test the legality of [an inmate's] detention" if the inmate did not have "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). It

3

held that this occurs where:

> (1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice.

*Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019). That is, the Seventh Circuit Court of Appeals allowed an inmate to collaterally attack a sentence based on new rules of *statutory* law that he could not have raised in his criminal proceeding or in a § 2255 motion, either because of timing or the limitation on successive petitions. *In re Davenport* is no longer good law.

The Supreme Court held in *Jones*, that § 2255 is not "inadequate or ineffective to test the legality of [an inmate's] detention" in the situations allowed by *In re Davenport* and many other Courts of Appeal. *Id.* at 477. On the contrary, § 2255 is only "inadequate or ineffective" to challenge a sentence in "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court," such as, for example, where the court of conviction no longer exists. *Id.* at 474. The Court held that allowing a successive collateral attack through a § 2241 petition in any other circumstance would work an end-run around § 2255(h)'s express limitations on successive collateral attacks to the two, and only two, circumstances listed in § 2255(h). *Id.* at 477. The Court drew a "straightforward negative inference" from this limitation—that no other successive collateral attacks on a sentence are allowed, period. *Id.* at 477-78. Thus, an inmate who has already filed a § 2255 and is trying a second time through § 2241 to collaterally attack his sentence based on a *statutory* change in the law cannot use the "savings clause" to bring that challenge. In fact, he cannot bring that challenge at all. *Id.* at 480.

Harris argues that his motion relies on a procedural defect rather than a statutory change

4

in the law so *Jones* does not bar it.  He is wrong.  *Jones* does not depend on the reason asserted in a § 2241 petition but on the availability of § 2241 itself to collaterally attack a sentence. Harris has already challenged his sentence through § 2255, and his current challenge does not fall into either of the two categories of cases for which a second collateral challenge would be permitted under § 2255(h).  Further, the petitioner does not suggested circumstances that might make § 2255 "inadequate or ineffective to test the legality of his detention," § 2255(e), under *Jones*'s view of that phrase.  Therefore, he cannot collaterally challenge his sentence based on *Borden* at all, whether under § 2241 or any other statute.  *Id.* at 480.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** the respondent's motion to dismiss (Doc. 12), **DISMISSES with prejudice** Harris's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(B).  A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline.  Fed. R. App. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended.  Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* Fed.

R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  October 30, 2023**

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **DISTRICT JUDGE**